FILED
AUG 29 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Edward N. Wing, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 08 1524 |
| Blake R. Davis, Warden, | ) ) ) |
| Respondent. | ) |

MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction entered by the United States District Court for the District of Colorado following a plea of guilty. He asserts that the United States is a "Commercial Company" without authority to enact criminal statutes (Pet. at 5), that the United States has no authority to indict him because "the United States became this corporation in the 1930's, after bankruptcy and never really fully recovered as defined as a Country" (*id.* at 6). He also states that he did not have effective legal counsel or the opportunity to face his accusers. (*Id.*)

Petitioner has not made a motion under 28 U.S.C. § 2255, which is the mandated vehicle for a collateral attack on a conviction and sentence imposed by a federal court. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly

pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner claims that the remedy is inadequate because the statute "was not authorized by law" (Pet. at 4), and is "inapplicable" (id. at 4, 6). This argument is baseless.

Lacking jurisdiction to entertain the habeas petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

Date: August 27th, 2008

_____
United States District Judge